7 F.3d 223
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Doylas R. DILLARD, Plaintiff-Appellant,
v.
FIELDCREST CANNON, INCORPORATED, Defendant-Appellee.
 No. 92-2210.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 24, 1993.
Decided: October 6, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CA-91-771)
 Perry H. Harrold, Martinsville, Virginia, for Appellant.
 C. Daniel Barrett, Edwards, Ballard, Clark & Barrett, P.A., Winston-Salem, North Carolina, for Appellee.
 W.D.Va.
 VACATED AND REMANDED.
 Before WIDENER and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Doylas R. Dillard appeals from the district court's order granting summary judgment for Defendant in her age discrimination action. Dillard contends that the district court exceeded its discretion by denying her motion for an enlargement of time to respond to Defendant's summary judgment motion. We find that the district court failed to apply the appropriate standards in determining whether to grant Dillard's motion. Consequently, we vacate the district court's orders granting summary judgment for Defendant and denying Dillard's motion and remand for further proceedings consistent with this opinion.
 
 
 2
 Defendant filed its summary judgment motion on July 6, 1992. On August 11, 1992, Dillard's original counsel filed a motion for a continuance of the hearing scheduled for August 14, 1992, stating that "Plaintiff does not intend to file a memorandum in response [to Defendant's summary judgment motion, but does] want to be present at the hearing of this matter." Dillard replaced her original lawyer and on August 17, 1992, her new counsel filed a Motion for Extension of Time to File Response to Motion for Summary Judgment, explaining that Dillard realized that the deadline for filing a response to Defendant's summary judgment motion had passed and that notwithstanding her wishes to the contrary, her previous counsel had not filed a response.
 
 
 3
 On August 28, 1992, the district court granted Defendant's summary judgment motion, noting that Dillard had not filed a response. Six days later, the court dismissed Dillard's August 17 motion as moot. Dillard's appeal is timely.
 
 
 4
 Rule 6(b)(2) of the Federal Rules of Civil Procedure governs motions for enlargement of time after expiration of the specified time period:
 
 
 5
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
 
 
 6
 A district court's ruling under this provision will not be disturbed absent an abuse of discretion. See United States v. Borromeo, 945 F.2d 750, 754 (4th Cir. 1991) (decision on excusable neglect under Rule 6(b) reviewed for abuse of discretion).
 
 
 7
 In denying Dillard's Rule 6(b) motion, the district court made no findings as to excusable neglect. Instead, even though Dillard filed the motion a week before the court granted summary judgment for Defendant, the court denied the motion as moot because it did not rule on it until after entering its summary judgment order. We find that the district court exceeded its discretion in its treatment of Dillard's motion.
 
 
 8
 Granting summary judgment when a party fails to respond to the opposing party's summary judgment motion is comparable to granting a default judgment. When deciding whether to grant relief from a default judgment, a district court must consider the party's personal responsibility for the default, the possibility of prejudice to the opposing party, whether there was a history of dilatory action, and the availability of less drastic sanctions than dismissal with prejudice. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987); United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). We find these standards applicable to this case.
 
 
 9
 Because we cannot say that Dillard would not be entitled to an enlargement of time to file a response to Defendant's summary judgment motion under these standards, we vacate the district court's orders granting summary judgment for Defendant and denying Dillard's Rule 6(b) motion.* We remand for further analysis of Dillard's motion in light of these standards. Defendant's Motion for Damages and Costs Pursuant to Rule 38 is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 We express no view on the merits of the summary judgment motion